Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

Prescott District of Arizona

Diversity Jurisdiction Division

| | |
|---|---|
| Marie Maese-Thomason | Case No. **CV20-08338-PCT-DWL** |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | Jury Trial: *(check one)* ☒ Yes ☐ No |
| Embry-Riddle Aeronautical University | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Marie Maese-Thomason |
   | Street Address | 13431 E. Leo Circle (POB 39) |
   | City and County | Mayer Yavapai |
   | State and Zip Code | Arizona 86333 |
   | Telephone Number | 928-499-2839 |
   | E-mail Address | mariethomason20@outlook.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Embry-Riddle Aeronautical University
- Job or Title *(if known)*:
- Street Address: 3700 Willow Creek Road
- City and County: Prescott Yavapai
- State and Zip Code: Arizona 86333
- Telephone Number:
- E-mail Address *(if known)*: 9287773700

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

---

                Telephone Number    _____

                E-mail Address *(if known)*   _____

**C.**   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Embry-Riddle Aeronautical University |
| Street Address | 3700 Willow Creek Road |
| City and County | Prescott Yavapai |
| State and Zip Code | Arizona 86333 |
| Telephone Number | 928-777-3700 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

      *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

      *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

      *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Other federal law *(specify the federal law)*:
      Title IX 20 U.S.C. 1681 and Family Medical Leave Act 29 U.S.C. Chapter 28

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Sex-based discrimination and disability discrimination

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

November 6, 2017; December 22, 2017; January 23, 2018; March 30, 2014; April 27, 2017; May 1, 2017; May 23, 2017; January 5, 2018; March 7 & 28, 2018; June 28, 2018; July 3, 2018; May 11, 2018

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race
- ☐ color
- ☒ gender/sex — Gender stereotyping and direct statements made by Investigator Campbell in Title IX Investigation. Gender discrimination in the form of differential treatment by Ted Blake.
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☒ disability or perceived disability *(specify disability)*

<u>PTSD Diagnosis August 2017 as a result of continued harrassment on and off ERAU campus. Investigator Campbell asked questions pertaining to disability and stated disabilities are not normally accommodated.</u>

E. The facts of my case are as follows. Attach additional pages if needed.

Claim 1: I was wrongfully investigated under Title IX on November 6, 2017. I was not provided an unbiased investigation. I was intimidated by ERAU Investigator Campbell. I was investigated for coaching and being a strong female coach with legitimate standards for a college athletic program. I was not notified of the investigation termination (I read this in the ERAU Position Statement submitted to the EEOC by ERAU). Investigator Campbell asked questions and made statements that were not related to a Title IX issue of gender equity in my formal statement meeting December 22, 2017. Investigator Campbell asked about my anxiety and made gender stereotypes about females and about me as a female coach. Investigator Campbell discriminated against me based on my gender and disability. Investigator Campbell denied my right to have my legal representation present on the phone in my statement meeting. Investigator Campbell threatened to "expose" my disability of PTSD and stated that accommodations are not normally granted in investigations. Investigator Campbell wrongfully called and tried to use coercive tactics to get information from my psychologist, Dr. Ritterbush (January 23, 2018), a form of intimidation. In January of 2018, Investigator Campbell emailed me my statement, as typed by her. In this statement, she discussed my disability, and made several comments or quotes out of context from my meeting, subjecting me to more disability and gender discrimination.

Claim 2: My boss Ted Blake treated me different (discrimination based on gender), than all other coaches starting March 30, 2014-May 23, 2017. Ted Blake often got aggressive with me verbally. I reported Blake's discriminatory actions to HR multiple times, as well as Liz Frost Title IX Coordinator. On April 27, 2017 Ted Blake placed me in a hostile environment in my office. Ted Blake notified me of a meeting with an athlete and assistant Athletic Director (Jamie Long). This meeting was violated the ERAU Athlete Handbook protocol. I reported the hostile work environment again to Liz Frost (Associate Dean and Title IX Coordinator) on April 27, 2017. Liz Frost replied via text with "Don't they know that is how schools get sued". On May 1, 2017, I reported the discrimination, lack of adherence to protocols, and hostile environment to HR (Sara Heffelfinger) involving Ted Blake and Jamie Long. On May 1, 2017, when following the A.P.P.M.'s for ERAU, Sara Heffelfinger (HR) stated, "You may not be the right fit for Embry-Riddle", when I reported my grievance. Sara Heffelfinger also stated, "this is a junior problem for HR.". I was retaliated against for whistleblowing and placed on a PIP by Ted Blake on May 23, 2017. Prior to this evaluation, I had never received low remarks on an evaluation. Ted Blake rarely provided evaluation copies, and often emailed or called to set up the evaluation within 24 hours of the meeting. In the PIP meeting Ted Blake discussed and criticized my medical conditions and health. Ted Blake told me the PIP was from higher up, displaying retaliation for following the ERAU Administrative Policy and Procedure Manual for the grievance process with Human Resources. I reported discrimination again to Title IX Coordinator, Liz Frost. Frost sent a text message August 5, 2017 informing me of the entities that I could report to (EEOC or OCR).

Claim 3: On December 12, 2017, I spoke with Jamie Long about taking FMLA. On December 20, 2017 Sara Heffelfinger told me to go on short-term disability so I could be paid on medical leave and to take 8-12 weeks off. She told me to not go on FMLA, as it was not paid. Sara Heffelfinger made light of my situation and medical condition, telling me to "take a hike or something" when speaking on the phone. Upon The Standard not approving my short-term disability the first time, I requested again, via email, the FMLA forms and filed my FMLA with HR. In May 2018, my job was posted online (Indeed.com) without notice from ERAU. On January 5, 2018, Jamie Long met with myself and my assistant (Rudy Baca) to notify me that I would not be allowed to coach the season, and if I returned from medical leave, I would be given a different job. Long told me I would not coach again, would be assigned another job, and after that, "whatever happens, happens". Long also notified myself and my assistant coach Rudy Baca she would be bringing Ted Blake, former A.D. on as staff to coach with her. In March 2018, Charlie Sevastos (ERAU Attorney) notified my legal counsel (Samantha Ekstrand) that he suspended the Title IX investigation. The Title IX Investigation had gone past the ninety-day requirement per the Office for Civil Rights. My medical leave was announced in the newspaper by athletic director Jamie Long, twice (Daily Courier, March 7, 2018 and March 28, 2018). In June, Samantha Ekstrand (representing Maese-Thomason) reached out to Charlie Sevastos (ERAU legal counsel) as an update had not occurred. On June 28, 2018 Sara Heffelfinger notified me my last day would be July 4, 2018. On July 3, 2018 at 3:33p.m., I received an email from Sara Heffelfinger that my last day for medical coverage would be July 4, 2018 and that my coverage would end at midnight.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

July 19, 2018

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*   10/6/20   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Exceeds $75,000 in compensatory damages and punitive damages.
Damages for mental aguish
Lost wages
Costs and Fees

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/16/20

Signature of Plaintiff

Printed Name of Plaintiff    Marie Maese-Thomason

### B. For Attorneys

Date of signing: _____

Signature of Attorney    _____
Printed Name of Attorney _____
Bar Number               _____
Name of Law Firm         _____
Street Address           _____
State and Zip Code       _____
Telephone Number         _____
E-mail Address           _____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Phoenix Status Line: (602) 661-0002
FAX (602) 640-5071

Marie Maese-Thomason
P.O. Box 39
Mayer, AZ 86333

Subject: Dismissal of Charge
Charge Number: 540-2019-00077

Dear Ms. Maese-Thomason:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination. After reviewing the information in the file including the information you submitted, the EEOC does not believe that additional investigation would result in our finding a violation.

The EEOC has terminated its investigation into your allegations. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretation of the available evidence and the laws we enforce. This letter and the enclosed documents will dismiss your case and no further action will be taken by the EEOC.

Enclosed is your Dismissal and Notice of Right to Sue. The Dismissal and Notice will explain your right to pursue the matter in court. If you want to pursue your charge, you may do so on your own by filing in Federal District Court within *90-days from the date that delivery of the Notice was <u>attempted</u> at your last known address of record or 90 days of receipt of the Notice, whichever is earlier. If you do not file a lawsuit within the required 90-day period, your right to file a lawsuit in this matter will expire and cannot be restored by EEOC.*

If you have any questions, please feel free to contact me at (602) 661-0015.

Sincerely,

9/30/2020

Date

*[signature]*

Jeremy Yubeta
Supervisory Investigator

Cc:

EEOC Form 161 (11/16)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Marie Maese-Thomason
P.O. Box 39
Mayer, AZ 86333

From: Phoenix District Office
3300 North Central Ave
Suite 690
Phoenix, AZ 85012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2019-00077 | Jeremy Yubeta, Enforcement Supervisor | (602) 661-0015 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Elizabeth Cadle,
District Director

9/30/2020
*(Date Mailed)*

Enclosures(s)

cc: Andrea Hooper
Human Resources
EMBRY-RIDDLE AERONAUTICAL UNIVERSITY
600 S. Clyde Morris Blvd.
Daytona Beach, FL 32114

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases *can be brought* where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** *major life activity need be substantially limited.*
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

APR 25 2019

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>540-2019-00077 |

Arizona Attorney General's Office, Civil Rights Division                              and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Marie Maese-Thomason | (928) 499-2839 | |

Street Address: P.O. Box 39, Mayer, AZ 86333
City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| EMBRY-RIDDLE AERONAUTICAL UNIVERSITY | 15 - 100 | (928) 777-3728 |

Street Address: 3700 Willow Creek Rd, Prescott, AZ 86301

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
                        06-28-2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above-named Respondent on or about November 1, 2012 as a Head Softball Coach. Upon information and belief, I performed my duties at or above a satisfactory level.

Since 2015, the Respondent had established a trend of expressing discriminatory thoughts through gender stereotyping and harassment towards females. As a result, the Respondent willingly subjected me to a hostile working environment by allowing a culture that placed differing expectations and standards in regard to coaching style and player interactions when comparing male coaches versus females. Upon information and belief, the discriminatory differences were perpetuated by the gender biased stereotypical views of my immediate supervisors.

On or about November 6, 2017, the Respondent continued its discriminatory actions towards me by subjecting me to an investigation into false allegations of discrimination that were submitted by "reporting parties". During this investigation, upon information and belief, my statements were used out of context and the investigator openly admitted not reading through my provided documentation. The investigation was eventually "suspended" but never resolved. Upon information and belief, this is a clear example of the hostile working environment that I had been subjected through the years past.

On or about December 13, 2017, I requested a reasonable accommodation from the Respondent due

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>april 19 2019<br>Date    Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

REC'D BY

APR 25 2019

| EEOC Form 5 (11/09) | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA<br>☒ EEOC | PXDO<br>540-2019-00077 |

Arizona Attorney General's Office, Civil Rights Division _____ and EEOC
*State or local Agency, if any*

to my disability. The Respondent never engaged in the Interactive process and failed to respond to any of my request. On or about January 8, 2018, prior to leaving for short term disability, I met with Jaime Long (Athletic Director), during that meeting, Jaime told me, "you will not coach, if you return you will get an admin job or something and whatever happens after that happens".

On or about June 28, 2018, I received notice of my pending termination at the expiration of my short-term disability leave. This notification was sent via email by Sara Hefflelfinger (HR).

I believe that I was discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990 as amended. I believe that I was discriminated against because of my sex(female) in violation of Title VII of the Civil Rights Act of 1964 as amended. I believe that I was retaliated against and terminated for requesting a reasonable accommodation and participating in "protected activity".

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

4/8/19
Date     *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)